IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EDWARD L. VAUGHAN )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CAROLYN W. COLVIN )<br>Acting Commissioner of Social Security, )<br>    Defendant. )<br>_____ ) | Civil No. 3:13cv589 (HEH) |

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

On July 27, 2010, Edward L. Vaughn ("Plaintiff") applied for disability insurance benefits ("DIB"), claiming disability from degenerative disc disease, spinal stenosis and vision and hearing difficulties. After exhausting his administrative appeals, Plaintiff sought review of the Commissioner's decision in this Court pursuant to 42 U.S.C. § 405(g). On September 3, 2014, the undersigned issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the final decision of the Commissioner be reversed and remanded, because the Administrative Law Judge ("ALJ") and Appeals Council erred by failing to detail the weight accorded the opinion of the state agency physician. The District Court adopted the Report and Recommendation as the opinion of the Court without objection.

Plaintiff now seeks an award of attorney's fees, arguing that the Equal Access to Justice Act ("EAJA") entitles him to such an award, because he was a prevailing party and because Defendant's position was not substantially justified. (Mem. of Law in Supp. of Pl.'s Pet. for Attorney's Fees ("Pl.'s Pet.") (ECF No. 20) at 1-2.) Defendant opposes Plaintiff's petition, contending that her position was both reasonable and substantially justified. (Def.'s Opp'n in Resp. to Pl.'s Mot. for Attorney's Fees and Costs Under the Equal Access to Justice Act ("Def.'s

Opp'n.") (ECF No. 22) at 4-10.) For the reasons that follow, the Court recommends that Plaintiff's Petition for Award of Attorney's Fees Under the Equal Access to Justice Act (ECF No. 19) be DENIED.

## I. BACKGROUND

On July 27, 2010, Plaintiff applied for DIB, claiming disability from degenerative disc disease, spinal stenosis and vision and hearing difficulties, with an alleged onset date of June 5, 2009. (R. at 20.) The claim was denied both initially and upon reconsideration. (R. at 88, 100.) On November 16, 2011, Plaintiff appeared before an ALJ, who denied Plaintiff's claim in a written decision on December 7, 2011. (R. at 20-26.) On June 28, 2013, the Appeals Council granted Plaintiff's request for review of the ALJ's decision and issued a corrective decision finding that Plaintiff was not disabled, rendering the corrective decision the final decision of the Commissioner.[1] (R. at 5-6.)

Plaintiff then sought review in this Court pursuant to 42 U.S.C. § 405(g), arguing that, collectively, the ALJ and Appeals Council erred in assessing Plaintiff's credibility, erred in the weight afforded to Plaintiff's treating physician and erred in the treatment of the state agency physician's opinion. (Pl.'s Br. — Social Security ("Pl.'s Mem.") (ECF No. 12) at 4-11.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned issued a Report and Recommendation, recommending that the final decision of the Commissioner be reversed and remanded after rejecting Plaintiff's first two arguments, but agreeing within Plaintiff's third argument. (Report and Recommendation ("R&R") (ECF No. 17) at 1.) The District Court ultimately adopted the

---

[1] The Appeals Council may review a case and make its own revised decision. 20 C.F.R. §§ 404.981, 416.1481. The revised decision becomes binding on the parties unless a party appeals to a federal district court within sixty days after the date that the party receives notice of the Appeals Council's action. 20 C.F.R. §§ 404.981, 416.1481.

2

Report and Recommendation as the opinion of the Court without objection. (Final Order (ECF No. 18).)

## II. QUESTION PRESENTED

Was Defendant's position substantially justified?

## III. STANDARD OF REVIEW

The EAJA provides that a court "shall award to a prevailing party fees and other expenses . . . in any civil action . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA does not define "substantially justified," the Supreme Court has recognized that the test "is one of reasonableness in law and fact." *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988)) (internal quotation marks omitted). The Government bears the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991).

The Government meets its burden by showing that its position, in substance or in the main, could satisfy a reasonable person. *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011). The Government will not face liability for fees so long as "a reasonable person could [have thought] that its litigation position was correct." *Id.* (quoting *Pierce*, 487 U.S. at 566 n.2) (alterations in original) (internal quotation marks omitted). In determining whether the Government's position is substantially justified, a court must look beyond the issue on which a claimant prevailed. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993). A court must look instead to the "totality of the circumstances" to determine "whether the [G]overnment acted reasonably in causing the litigation or in taking a particular stance during the

3

litigation." *Meyer*, 754 F.3d at 255 (quoting *Roanoke River Basin Ass'n*, 991 F.2d at 139) (alteration in original). Accordingly, although a party may satisfy the "prevailing party" prong by winning on a single, substantive issue, "it does not automatically follow that the [G]overnment's position in the case as a whole is not substantially justified." *Roanoke River Basin Ass'n*, 991 F.2d at 139.

Indeed, courts have recognized that the EAJA is not a "loser pays" statute. *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009) (quoting *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998)) (internal quotation marks omitted). This is so because the EAJA sought to redress governmental abuse, but did not seek "to chill the [G]overnment's right to litigate or to subject the public fisc to added risk of loss when the [G]overnment chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong." *Roanoke River Basin Ass'n*, 991 F.2d at 139.

Further, ultimate "resolution of an EAJA claim has proved to be an issue of considerable conceptual and practical difficulty." *Id.* (quoting *United States v. Paisley*, 957 F.2d 1161, 1165 (4th Cir. 1992)) (internal quotation marks omitted). Accordingly, in determining whether the EAJA entitles a litigant to fees, a court need not articulate magic words, but rather simply analyze the reasonableness of the Government's position in both law and fact. *Strong v. Comm'r of Soc. Sec. Admin.*, 461 F. App'x 299, 301 (4th Cir. 2012) (unpublished).

### IV. ANALYSIS

A. The Court's Decision

On appeal to this Court, Plaintiff argued that the ALJ and Appeals Council erred in three respects. First, Plaintiff argued that the ALJ erred in determining Plaintiff's credibility. (Pl.'s Mem. at 11-14.) Second, Plaintiff argued that the Appeals Council erred in affording Plaintiff's

treating physician less than controlling weight. (Pl.'s Mem. at 4-10.) Third, Plaintiff argued that both the ALJ and the Appeals Council erred by failing to state the precise weight afforded to the state agency physician's opinion. (Pl.'s Mem. at 10-11.) Defendant argued that substantial evidence supported Plaintiff's credibility determination and the weight afforded to Plaintiff's treating physician. (Def.'s Mot. for Summ. J. and Mem. in Supp. Thereof ("Def.'s Mem.") (ECF No. 15) at 13-20.) Finally, Defendant argued that remand was unnecessary, because the ALJ and Appeals Council both adequately addressed the state agency physician's opinion and because, ultimately, the state agency physician's opinion was no more restrictive than the ALJ's assessment. (Def.'s Mem. at 19-20.) The Court rejected Plaintiff's first two arguments, but accepted his third argument and recommended remand on that basis. (R&R at 24-33.)

In reaching its conclusion, the Court first reviewed the record and then detailed Plaintiff's education and work histories, medical records, function report and testimony, as well as the state agency physician's opinion. (R&R at 2-18.) The Court then addressed Plaintiff's arguments. (R&R at 24-33.) The Court rejected Plaintiff's argument that the ALJ erred in assessing Plaintiff's credibility, finding that substantial evidence supported the ALJ's decision. (R&R at 24-27.) Such substantial evidence included medical records from Dr. Kalluri, Dr. Doeren, Dr. Ogburn and Plaintiff's physical therapist, as well as Plaintiff's own statements. (R&R 26-27.) Next, the Court rejected Plaintiff's argument that the Appeals Council erred in affording less than controlling weight to Plaintiff's treating physician, Dr. Kalluri, finding again that substantial evidence supported the Appeals Council's decision. (R&R at 27-30.) Such substantial evidence included Dr. Kalluri's own medical records, medical records from Dr. Goulmamine, Dr. Doeren and Dr. Ogburn, as well as Plaintiff's own statements. (R&R at 28-30.)

5

The Court, however, did agree with Plaintiff's final assignment of error, finding that both the ALJ and Appeals Council erred in evaluating the opinion of the state agency physician, Dr. Astruc. (R&R at 30-33.) The ALJ afforded Dr. Astruc's opinion "appropriate weight," because Plaintiff could "perform work." (R&R at 32.) The Court found that "appropriate" in this context was "merely conclusory and not sufficiently specific to quantify the weight that the ALJ assigned" to the opinion. (R&R at 32.) Because the ALJ failed to sufficiently set forth the specific weight that he afforded to Dr. Astruc's opinion, the Court recommended remand. (R&R at 32-33.)

Plaintiff now argues that the EAJA entitles him to attorneys' fees, because he is a prevailing party and because Defendant's position was not substantially justified. (Pl.'s Pet. at 2.) Defendant contends that her position was substantially justified. (Def.'s Opp'n at 4-10.) To prevail, Plaintiff must be a prevailing party, the Government's position must not be substantially justified and no special circumstances must exist to make an award of attorneys' fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Because the parties neither challenge that Plaintiff was a prevailing party nor argue that special circumstances exist making an award unjust, the Court only addresses whether Defendant's position was substantially justified.

B. Defendant's position was substantially justified.

Plaintiff argues that Defendant "cannot be heard to complain that the ALJ's decision in this case was 'substantially justified' when this Court has already found that the ALJ committed an error of law." (Pl.'s Pet. at 2.) Defendant responds that her litigation position was substantially justified, because the Court found for Defendant on two of three assignments of error and the third assignment of error was merely an imperfection in explanation. (Def.'s Opp'n at 4-10.) The Court agrees with Defendant's position.

6

1. Defendant prevailed on two of three substantive issues.

Defendant argues that the Court's determinations that the ALJ did not err in assessing Plaintiff's credibility and that the Appeals Council did not err in affording less than controlling weight to Plaintiff's treating physician support Defendant's position as substantially justified. (Def.'s Opp'n at 4-5.)[2] The Court agrees.

As noted above, the Court must look to the totality of the circumstances when determining whether the EAJA entitles a prevailing party to attorneys' fees. *Roanoke River Basin Ass'n*, 991 F.2d at 139. When determining whether the Government's position was substantially justified, other courts have assessed the outcome of the underlying issues in the case in determining whether the Government's position was substantially justified. *See, e.g., Meyer*, 754 F.3d at 256 ("[I]t is difficult to conclude that the Commissioner's litigation position was not substantially justified when Meyer himself concedes that the Commissioner was correct with respect to one of the case's two issues.").

In this case, Plaintiff argued that, collectively, the ALJ and Appeals Council erred in three respects. (Pl.'s Mem. at 4-14.) Defendant opposed all three, arguing specifically that substantial evidence supported the ALJ's credibility determination and the Appeals Council's decision to afford Plaintiff's treating physician less than controlling weight. (Def.'s Mem. at 13-20.) The Court reviewed the record and ultimately agreed with Defendant that substantial evidence supported those two determinations. (R&R at 24-30.) On these two substantive issues, therefore, Defendant maintained a reasonable position both in law and in fact, specifically

---

[2] Plaintiff devotes a single paragraph to addressing substantial justification, arguing simply that because the Court agreed that the ALJ and Appeals Council erred in their treatment of Dr. Astruc's opinion, the ALJ's decision was not substantially justified. (Pl.'s Pet. at 2.) Plaintiff makes no other specific argument regarding the substantial justification of Defendant's position.

because she prevailed on the merits. Accordingly, the outcome of two of the issues supports the substantial justification of Defendant's position.[3]

> 2. Defendant maintained a reasonable position as to the issue upon which this Court remanded.

Defendant next argues that her position regarding the ALJ's treatment of Dr. Astruc's opinion further supports the contention that Defendant's position was substantially justified, because other courts have treated an error in articulation of weight afforded to a medical opinion as harmless and not requiring remand. (Def.'s Opp'n at 7-9.) The Court agrees.

In assessing the totality of the circumstances, the Fourth Circuit has indicated that another consideration includes whether reasonable arguments existed on both sides of an issue. *See Cody*, 631 F.3d at 145 ("[I]n its analysis, the district court explained that . . . reasonable arguments existed on both sides of outcome determinative issues, and other judges could disagree with its decision. . . . Thus the district court considered what the Supreme Court requires: that is, whether the Governments position would be acceptable to a reasonable person."). One such indicator may include decisions of other courts on the issue. *See id.*; *see also Pierce*, 487 U.S. at 568 (agreeing that certain "objective indicia" such as other courts' decisions can be relevant but on their own not necessarily outcome-determinative).

Defendant argued that the ALJ and Appeals Council did not err, because they adequately addressed Dr. Astruc's opinion and because Dr. Astruc did not limit Plaintiff more severely than the ALJ ultimately did. (Def.'s Mem. at 19-20.) Accordingly, Defendant now argues that her litigation position was substantially justified, at least partly, because other courts have

---

[3] The Court further notes that Plaintiff did not object to this Court's analysis on those two issues or otherwise.

determined that a failure to indicate the specific quantum of weight afforded to a medical opinion did not constitute reversible error. (Def.'s Opp'n at 7-10.)

Although this Court determined that the ALJ and Appeals Council erred in their assessment of Dr. Astruc's opinion by failing to state a sufficiently specific weight to allow appellate review, other courts have determined that such a failure did not warrant a remand. For example, the Tenth Circuit determined in *Butler v. Astrue* that failure to provide explicit weight to an examining psychologist's opinion where the ALJ "obviously considered the opinion" and "the decision [was] generally consistent with the opinion" did not amount to reversible error. 410 F. App'x 137, 142 (10th Cir. 2011) (unpublished). Other courts have reached similar conclusions. *See, e.g., Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) (noting that even if court assumed certain observations constituted opinions, failure to state weight was harmless as ALJ's opinion was consistent with observations); *Sack v. Comm'r of Soc. Sec.*, 2014 WL 3747320, at *5 (M.D. Fla. July 29, 2014) ("Here, even if the ALJ should have been more explicit, any error is harmless absent a showing that Dr. Amune found limitations greater than those acknowledged by the ALJ."); *Woods v. Astrue*, 2012 WL 2126893, at *10 (D. Mass. June 13, 2012) (stating that failure to assign specific weight where opinions offered no limitations in excess of ALJ's opinion not reversible error). Other courts, however, have concluded that failing to state the weight afforded to medical opinions constituted error warranting remand. *See, e.g., Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979) (remanding with instructions that Secretary "indicate explicitly" the weight afforded certain evidence); *Derrickson v. Astrue*, 2012 WL 3555502, at *13 (E.D. Va. June 29, 2012) (finding error where ALJ failed to indicate weight afforded to state agency physician).

In this case, Dr. Astruc determined that Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds and retained an unlimited ability to push and pull objects. (R. at 79.) Plaintiff could further stand, sit and walk about six hours in an eight-hour day. (R. at 79.) Dr. Astruc opined that while Plaintiff had some postural limitations, he could frequently climb stairs or ramps, kneel, crawl, balance and crouch. (R. at 80.) Plaintiff could further occasionally stoop and climb ladders, ropes or scaffolds. (R. at 80.) Plaintiff had no manipulative, visual, communicative or environmental limitations. (R. at 80.)

During his sequential analysis, the ALJ determined Plaintiff's residual functional capacity. (R. at 23.) The ALJ concluded that Plaintiff maintained the ability to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b). (R. at 23.) Light work requires lifting no more than twenty pounds, lifting up to ten pounds frequently and a good deal of walking or standing. 20 C.F.R. § 404.1567(b). Further, if the work involves sitting most of the time, the light work requires some pushing and pulling of arm or leg controls. *Id.*

Here, Defendant made a reasonable argument that because Dr. Astruc's limitations were generally in accordance with the ALJ's limitations, the Court did not need to remand the case. Defendant maintained a reasonable argument in law, because other courts have found remand to be unnecessary where the medical opinion in question was no more restrictive than an ALJ's assessment. Defendant also maintained a reasonable argument in fact, because Dr. Astruc's limitations and the ALJ's limitations generally were in accordance with one another. Although this Court disagreed with Defendant's position on remand based upon the ALJ's deficient articulation of weight afforded to Dr. Astruc's opinion, other judges have agreed with Defendant's position. Therefore, Defendant's underlying position as to the issue upon which this Court remanded further supports Defendant's contention that her position was substantially

justified. *See Hargrave v. Sec'y, Dep't of Health & Human Servs.*, 738 F. Supp. 987, 990 (E.D. Va. 1990) (noting that "improper weighing of conflicting medical opinions did not render [Secretary's] decision less than 'substantially justified.'").

## V. CONCLUSION

Although Plaintiff prevailed in seeking a remand of his case, the EAJA does not entitle him to fees and other expenses, because the Government has shown that its position in the litigation was substantially justified. Assessing the totality of the circumstances, a reasonable person could have agreed that Defendant's litigation position was correct. Specifically, Defendant prevailed on two of the three underlying issues for which Plaintiff sought remand. Further, although this Court ultimately disagreed with Defendant's position on the third issue, Defendant took a reasonable position with which other courts have agreed. And awarding fees and other expenses in this case would not redress any governmental abuse, but rather chill the Government's right to litigate reasonable positions, *Roanoke River Basin Ass'n*, 991 F.2d at 139, and would convert the EAJA to a "loser pays" statute. *Williams*, 600 F.3d at 302 (quoting *Morgan*, 142 F.3d at 685) (internal quotation marks omitted).

Accordingly, for the reasons set forth above, the Court recommends that Plaintiff's Petition for Award of Attorney's Fees Under the Equal Access to Justice Act (ECF No. 19) be DENIED.

Let the clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within**

**fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                            /s/
                                    David J. Novak
                                    United States Magistrate Judge

Richmond, Virginia
Date: <u>January 6, 2015</u>