IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EDWARD L. VAUGHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:13cv589–HEH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the United States Magistrate Judge's Report and Recommendation Regarding Plaintiff's Petition for Attorney's Fees (ECF. No. 23), which recommends that this Court deny Plaintiff's Petition for Award of Attorney's Fees under the Equal Access to Justice Act (ECF No. 19). Plaintiff timely objected to the Magistrate Judge's Report and Recommendation ("R&R") on January 6, 2015 (ECF. No. 24), to which Defendant responded (ECF. No. 25). For the following reasons, Plaintiff's objection will be overruled, and the Court will adopt the Magistrate Judge's R&R. Accordingly, Plaintiff's petition for attorney's fees will be denied.

## I. BACKGROUND

The factual background and procedural history have been amply set forth in both the September 3, 2014 and January 6, 2015 R&Rs by the Magistrate Judge. On September 18, 2014 this Court adopted the R&R of the Magistrate Judge, and accordingly, reversed and remanded the final decision of the Commissioner because the

Administrative Law Judge ("ALJ") erred by failing to specifically indicate the weight afforded to the opinion of the state agency physician. (R. at 139.)

Plaintiff now seeks an award of attorneys' fees, arguing that he is entitled to such under the Equal Access to Justice Act ("EAJA") for two reasons: (1) he was the prevailing party; and (2) the positions of both the Defendant and the ALJ were not substantially justified. Because it is undisputed that Plaintiff is the prevailing party, the Magistrate Judge examined only Plaintiff's second argument. The Magistrate Judge's R&R recommends rejecting Plaintiff's argument on the following grounds: (1) Defendant prevailed on two (2) of Plaintiff's three (3) substantive issues on appeal; and (2) Defendant's position with respect to the issue on which Plaintiff prevailed is one that has been accepted by other courts. (R. at 149.)

Plaintiff objects to the R&R, arguing that the Magistrate Judge failed to consider whether the ALJ's position was substantially justified. Plaintiff contends he is entitled to attorneys' fees under the EAJA because the position of the ALJ is not substantially justified. (R. at 151.) In response, Defendant maintains that: (1) its litigation position was reasonable, in that other courts have adopted his reasoning; and (2) the EAJA does not call for independent scrutiny of the ALJ's position during litigation, but rather requires an overarching reasonableness inquiry. (R. at 157–60.)

## II. STANDARD OF REVIEW

This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Wells v. Shriner Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997) ("If written objections to a

2

magistrate judge's recommendations are not filed with the district court within ten days, a party waives its right to an appeal."). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The recommendation has no presumptive weight, and the responsibility to make a final determination remains at all times with the district court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). "[T]he court . . . shall make a *de novo* determination of *those portions* of the report or *specified* proposed findings or recommendations to which objection is made." *United States v. George*, 971 F.2d 1113, 1117 (4th Cir. 1992) (emphasis added) (citation and quotation marks omitted). A failure to object also constitutes a waiver of appeal to the Fourth Circuit. *Wells*, 109 F.3d at 199.

### III. DISCUSSION

Plaintiff objects to the R&R on a single ground. He contends that the Magistrate Judge failed to discuss whether the decision of the ALJ was supported in law and in fact. According to Plaintiff, the ALJ's analysis was not substantially justified because the ALJ failed to indicate the weight granted to the testimony of the state agency physician; and therefore, because the ALJ's position was not substantially justified, he contends that he is entitled to attorneys' fees. (R. at 152.)

The EAJA provides that a court "shall award to a prevailing party fees and other expenses . . . in any civil action . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Neither party argues that special circumstances exist in this case. While the EAJA does not define

3

"substantially justified," the Supreme Court has held that the test "is one of reasonableness in law and fact." *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988)). The government bears the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991).

The government meets its burden by showing that its position is "justified in substance or in the main—that is, justified to a degree that would satisfy a reasonable person." *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (quotation marks omitted). The government will not face liability for fees so long as a reasonable person could have thought that its litigation position was correct. *Cody*, 631 F.3 at 141. In determining whether the government's position is substantially justified, a court must look beyond the issue on which a claimant prevailed. A court must look instead to the "totality of the circumstances" to determine "whether the government acted reasonably in causing the litigation or in taking a particular stance during the litigation." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993). Accordingly, although a party may have prevailed on a single, substantive issue, it does not necessarily follow that the government's position was not substantially justified as a whole. *Id.*

Plaintiff's argument misinterprets the law. The government, indeed, is required to show that its position was substantially justified. *See Crawford*, 935 F.2d at 656. However, this does not require an independent showing that the ALJ's decision is substantially justified in addition to Defendant's position during litigation. *Roanoke*

4

*River Basin Ass'n*, 991 F.2d at 140. Instead, this Court must examine the position of the United States, both before and during litigation, in its totality. *Id.*

The Fourth Circuit has consistently held that in determining whether the litigation position of the government was substantially justified, courts should not "atomize" the case, but should consider the government's position as a whole. *Id.*; *see also Crawford*, 935 F.2d at 656–57. Indeed, the government's "prelitigation and litigation postures together comprise . . . the position of the United States." *United States v. 515 Granby, LLC*, 736 F.3d 309, 315 (4th Cir. 2013). Accordingly, in determining whether the position of the United States was substantially justified, the Court should analyze the government's prelitigation position, namely the ALJ's decision, together with the litigation position of Defendant.

In this case, the R&R examined Defendant's litigation position at length. The Magistrate Judge correctly applied the standard of review to the intertwined positions of Defendant and the ALJ. In deeming the government's position reasonable, the Magistrate Judge emphasized that courts have taken opposite approaches as to whether the ALJ's failure to specifically indicate the weight granted to an agency physician constitutes error warranting remand. Indeed, some courts have ruled such error harmless where the opinion of the ALJ was generally consistent with the agency physician's observations. *See Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) (failure to state weight was harmless as ALJ's opinion was consistent with observations). Conversely, courts have also deemed such error to warrant remand. *See Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979) (remanding with instructions directing "the Secretary to

reconsider the case and indicate explicitly . . . the weight accorded to . . . the evidence"). That courts have reached opposite conclusions on this issue indicates that, although Defendant did not prevail on this point, reasonable arguments existed on both sides of the issue. *See Pierce*, 487 U.S. at 568. Moreover, the Supreme Court has indicated that the decisions of other courts are not necessarily dispositive in determining whether the government's position was substantially justified. *See id.* (holding that "objective indicia," such as the views of other courts, are instructive, but not conclusive).

Moreover, the Magistrate Judge had an additional ground for deeming the government's position substantially justified—the government prevailed on two of Plaintiff's three arguments. (R&R. at 7–8.) In this case, the only evidence proffered by Plaintiff that the government's position was unreasonable is that it did not prevail on one of three issues. Courts have recognized that the EAJA is not a "loser pays" statute. *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998). Rather, the EAJA seeks to redress governmental abuse, not "to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonable substantiated positions, whether or not the position later turns out to be wrong." *Roanoke River Basin Ass'n*, 991 F.2d at 139. This Court finds that, although the government did not prevail, the positions it advanced during litigation were reasonable. *Pierce*, 487 U.S. at 565. The position of the United States was thus substantially justified under 28 U.S.C. § 2412(d)(1)(A). The government is not required to provide an independent showing of substantial justification for the ALJ's decision in addition to its own litigation position for the purposes of the EAJA. This Court agrees with the Magistrate Judge that, taken as a

6

whole, the litigation position of the government was reasonable, and Plaintiff is not entitled to attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the litigation position of the United States was substantially justified. Accordingly, Plaintiff's objection will be overruled and this Court will adopt the Magistrate Judge's R&R. Plaintiff's Petition for Award of Attorney's Fees under the Equal Access to Justice Act will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 25, 2015
Richmond, Virginia